# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 05-33146-DHW
                                              Chapter 11
RUCKER FURNITURE GALLERY, INC.,

    Debtor.

## MEMORANDUM OPINION

On March 23, 2006, Cumulus Media, Inc. (hereinafter "Cumulus") filed a motion (Doc. # 77) to allow its informal claim in this chapter 11 case. The matter was set for hearing on April 3, 2006. Britt B. Griggs appeared for Cumulus, and Daniel G. Hamm appeared for the debtor.

### Jurisdiction

This court's jurisdiction is derived from 28 U.S.C. §1334 and from the United States District Court for this district's general order referring all title 11 matters to this court. Further, because the issue concerns the allowance or disallowance of a claim against the estate, this is a core proceeding under 28 U.S.C. §157(b)(2)(B), thereby extending the court's jurisdiction to the entry of a final order or judgment.

### Findings of Fact

Rucker Furniture Gallery, Inc. (hereinafter "debtor") does not dispute Cumulus's version of the facts, which are summarized here and adopted by the court.

The debtor filed its chapter 11 petition on October 4, 2005. On October 6, 2005, this court entered an order giving notice of the bankruptcy case and establishing a January 9, 2006, claims bar date.

Cumulus was not listed by the debtor in the original schedule of debts. On January 5, 2006, just four days prior to the January 9, 2006 claims bar date, the debtor amended its schedule of debts to include Cumulus. Cumulus contends that as a result of its omission from the original schedule of debts, it could not file a formal claim prior to the claims bar date.

Cumulus, however, had actual knowledge of the debtor's bankruptcy case well before the claims bar date. That fact is evidenced by Cumulus's November 15, 2005, motion seeking the dismissal or conversion of the case (Doc. #22). Therein, Cumulus alleges that it holds a judgment against the debtor for $72,150.36, and it implies that the judgment should attach to the debtor's unencumbered accounts receivable and inventory.

Conclusions of Law

Cumulus contends that its November 15, 2005 motion to dismiss or convert the debtor's case should be deemed a timely informal claim. The debtor, while not conceding the point, offers no defense.

Recently, in *In re Williams,* Case No. 02-32792 (Bankr. M.D. Ala. February 14, 2006), this court considered the question of the allowance of an informal claim. Relying on the holding in *The Charter Company v. Dioxin Claimants (In re The Charter Company)*, 876 F.2d 861,863 (11th Cir. 1989), the court held that a document filed by a creditor, other than a formal proof of claim under Fed. R. Bankr. Proc. 3001, may constitute an informal claim. To constitute an informal claim "the document must apprise the court of the existence, nature, and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim." *Id.* at 863.

In the case *sub judice* Cumulus's motion to dismiss or convert satisfies the requirements for an informal claim. First, Cumulus

2

made clear that it has a claim against the debtor for a sum certain. Further, the motion describes the nature of the claim, namely, a judgment debt. Finally, merely by moving to convert or dismiss the case, Cumulus make clear its intention to hold the debtor liable. The motion reflects the concern of Cumulus regarding the diminution of assets which would be available to pay its claim.

Conclusion

For these reasons the court concludes that Cumulus's motion to dismiss or convert, which was filed prior to the claims bar date, constitutes an informal proof of claim. Pursuant to Fed. R. Bankr. Proc. 9021 a separate order, consistent with this opinion, will enter granting Cumulus's motion and allowing its informal claim.

Done this the 7th day of April, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Daniel G. Hamm, Attorney for Debtor
Britt B. Griggs, Attorney for Creditor

3