**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                                                          Case No. 05-33146-DHW
                                                                                                    Chapter 11
RUCKER FURNITURE GALLERY, INC.,

    Debtor.

**MEMORANDUM OPINION**

    Memory & Day filed an application for compensation and reimbursement of expenses in the amount of $13,638 for legal services provided to the debtor in connection with this chapter 11 case. The application covers the period July 5, 2005 through January 30, 2006, when the law firm withdrew as the debtor's attorney. The chapter 11 case was filed on October 4, 2005. The application was set for hearing on September 25, 2006.[1]

<u>Procedural History and Factual Contentions of the Parties</u>

    The bankruptcy administrator filed a response to the application contending that the fee should be denied in toto because of the law firm's failure to disclose that it had previously represented First Community Bank, a creditor of the debtor. In support the administrator points to the following.

    When Memory & Day sought employment in October 2005 as attorney for debtor, it filed a verified statement under Fed. R. Bankr. Proc. 2014 affirming that it had no "interest or connection with the Debtor, any creditor, or class of creditors . . . ." However, in April 2006, after withdrawing as debtor's counsel, Memory & Day filed a ballot accepting the debtor's plan of reorganization on behalf of creditor First Community Bank. Because Memory & Day represents a creditor in this case, the administrator contends that the firm

---

    [1] Neither Memory & Day nor the bankruptcy administrator requested an evidentiary hearing.

represents an adverse interest and is not a disinterested person. Non-adversity and disinterestedness are required of professionals who represent bankruptcy estates. *See* 11 U.S.C. § 327(a).

Memory & Day filed a reply acknowledging that the firm has from time to time represented First Community Bank. However, Memory & Day contends that, when the chapter 11 case was filed, it was unaware that First Community Bank was a creditor of the debtor. Instead, the firm believed that First Community Bank was a creditor of only the principals of the debtor. Later, when the firm learned that the debtor was a co-maker with the principals on the debt to First Community Bank, it advised the bank that it should obtain other counsel to represent its interest in the bankruptcy case.[2] Further, according to Memory & Day, the debtor's principals were advised of the firm's prior representation of First Community Bank, and with this knowledge, the principals desired the firm's continued representation of the debtor.

Finally, Memory & Day contends that, after its withdrawal as debtor's counsel and at the debtor's request, it served as a mere conduit through which First Community Bank filed a ballot electronically accepting the debtor's plan of reorganization.

## Law

11 U.S.C. § 327(a) allows a chapter 11 debtor to employ an attorney who is both disinterested and non-adverse to the interest of the estate. That section of the Code provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or

---

[2] Indeed, the debtor's bankruptcy schedules were amended on November 15, 2005, to list the debt owed to First Community Bank. However, Memory & Day did not file an amended or updated disclosure under Fed. R. Bankr. Proc. 2014 revealing its prior representation of First Community Bank.

2

more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

The phrase "disinterested person" as used in § 327 is a statutorily defined term and means a person that —

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not an investment banker for any outstanding security of the debtor;
(C) has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor.

11 U.S.C. § 101(14).[3]

The phrase "interest adverse to the estate," however, is not defined by the Bankruptcy Code. Rather, the phrase has been defined by some courts to mean an "economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant . . . or . . . a predisposition under the circumstances that render such a bias against the estate." *Electro-Wire Products, Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 361 (11th Cir. 1994)(quoting *Roger J. Au & Son, Inc. v. Aetna Ins. Co. (In re*

---

[3] The definition of the phrase "disinterested person" was amended by the Bankruptcy Abuse and Consumer Protection Act of 2005. The case at bar, however, was filed prior to the effective date of those amendments. Therefore, the pre-amendment definition of the phrase applies.

3

*Roger J. Au & Son, Inc.)*, 64 B.R. 600, 604 (N.D. Ohio 1986)) (quoting *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985)).

Fed. R. Bankr. Proc. 2014 implements § 327 by requiring the debtor's counsel to file a verified statement disclosing any connections with the debtor, creditors, or other parties in interest. *See* Fed. R. Bankr. Proc. 2014(a). The "law firm must disclose all of its relevant connections in its verified statement so that a court may readily review the appointment for conflicts." *Quarles and Brady LLP. v. Maxfield (In re Jennings)*, 2006 WL 2826947, 2 (11th Cir. 2006). "The professional must disclose all facts that bear on his disinterestedness, and cannot usurp the court's function by unilaterally choosing which connections impact on his disinterestedness and which do not." *In re Keller Fin. Servs.* 243 B.R. 806, 812 (Bankr. M.D. Fla. 1999). "The existence of an arguable conflict must be disclosed if only to be explained away." *In re Granite Partners, L.P.,* 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998).

It has not been shown that Memory & Day actually represented First Community Bank in this proceeding at any time prior to being relieved of its duties as attorneys for the debtor. Had it done so, the firm unquestionably would have been both an interested and adverse party precluding its employment on behalf of the estate.

However, once the firm discovered that the debtor was liable to First Community Bank, Memory & Day was under a duty to disclose its connection with the Bank. The firm's failure to disclose that prior connection with the creditor constitutes grounds to deny the firm's application for compensation. *Electro-Wire,* 40 F.3d at 361. It was not for Memory & Day unilaterally to decide whether the connection presented a conflict, and its failure to disclose deprived the court of the ability to fulfill its responsibilities with regard to the employment and compensation of estate professionals. Clearly, disclosure of its connection with the creditor was not only the prudent and appropriate but the required course for Memory & Day to pursue.

4

Case 05-33146 Doc 138 Filed 10/11/06 Entered 10/11/06 11:29:16 Desc Main
Document Page 4 of 5

Yet, in this case the court will not deny the compensation request. The court is impressed that Memory & Day did not have an exclusive services contract with First Community Bank. Although this fact did not free the firm from its disclosure obligations, it has not been shown that the firm actually represented the creditor during the time that it also represented the debtor. Further, the legal representation provided to the creditor appears to have been at the debtor's request and for the debtor's benefit. The firm's representation of the bank was extremely limited. The firm's only aid to the bank was to provide a conduit through which a ballot could be filed electronically. Considering all of these circumstances, the court will decline to deny compensation.

## Conclusion

For these reasons, the court concludes that the application of Memory & Day for compensation and reimbursement of expenses as attorneys for the estate is due to be approved. A separate order consistent with this memorandum opinion will enter.

Done this 11th day of October, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Daniel G. Hamm, Debtor's Attorney
   Von G. Memory, Esq.
   Teresa R. Jacobs, Bankruptcy Administrator

5